# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

      **v.** : **CRIMINAL NO. 14-593-01**

**ISHMAEL SHAH** :

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the government's unopposed motion to stay consideration of the motion of defendant Ishmael Shah under 28 U.S.C. § 2255, pending the Third Circuit's resolution of *United States v. Monroe*, No. 16-4384, and *United States v. Copes*, No. 19-1494, it is ORDERED that the motion is granted. The consideration of the 2255 motion is stayed, and the briefing order previously issued by the Court (docket no. 33) is vacated. The government shall notify the Court promptly upon resolution of the *Monroe* and *Copes* matters.

BY THE COURT:

_____

Michael M. Baylson, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

v.                   :        CRIMINAL NO. 14-593-01

ISHMAEL SHAH         :

## GOVERNMENT'S MOTION TO STAY
## CONSIDERATION OF 2255 MOTION

The government moves to stay the 2255 proceedings in this case pending resolution by the Third Circuit of a dispositive legal issue.

On April 2, 2015, Ishmael Shah entered a guilty plea to five counts of Hobbs Act robbery and two counts of attempted Hobbs Act robbery, all in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On February 4, 2016, the Court entered a judgment imposing a total sentence of 228 months' imprisonment, consisting of 120 months on the Hobbs Act counts, and consecutive terms of 60 months and 48 months, respectively, on the 924(c) charges.

On October 31, 2016, Shah filed a motion for relief under 28 U.S.C. § 2255 and the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The motion asserted that *Johnson*'s holding invalidating the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C.

§ 924(e), also applies to the similar residual clause in the definition of "crime of violence" in Section 924(c)(3). The defendant argued that his 924(c) convictions were invalid as a result.

In June 2019, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the "residual clause" in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3) is indeed invalid. This Court then ordered the government to respond to the 2255 motion by October 21, 2019.

The government moves to vacate this schedule and stay the matter. In this case, the question for resolution is whether, following invalidation of the residual clause, the conviction for Hobbs Act robbery continues to qualify under the separate "elements clause" of the "crime of violence" definition, 18 U.S.C. § 924(c)(3)(A), as a 924(c) predicate. That legal issue is presently pending in scores, likely hundreds of cases in this Circuit, and will soon be resolved by the Third Circuit.

Nine Circuits have held that Hobbs Act robbery continues to qualify as a 924(c) crime of violence under the elements clause, and the Third Circuit did as well, in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016). However, the government acknowledges that the unique reasoning presented in *Robinson* did not survive *Davis*, such that the question in the Third Circuit should be revisited. At the request of the parties, the Court of Appeals earlier this month consolidated

and agreed to expedite two cases in which this issue has been fully briefed:

*United States v. Monroe*, No. 16-4384, and *United States v. Copes*, No. 19-1494.

Accordingly, the government requests that the Court stay the 2255

proceedings pending the Third Circuit's resolution of *Copes* and *Monroe.* The

government will advise the Court immediately upon the resolution of those cases.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by first-class mail, postage prepaid, upon:

Mr. Ishmael Shah
No. 71749-066
FCI Ray Brook
P.O. Box 900
Ray Brook, NY   12977


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

Date:   September 24, 2019.